IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DOUGLAS GENE MAYBERRY,      )
                            )
            Petitioner,     )
                            )
      v.                    )          Civil Action No. 3:08cv340-TMH
                            )                      (WO)
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "Motion to Void Judgment,"

filed by petitioner Douglas Gene Mayberry ("Mayberry") on April 28, 2008.[1]  Invoking

FED.R.CIV.P. 60(b)(4) as a vehicle for relief, Mayberry challenge the conviction and

sentence imposed upon him by this court in 1997 for laundering the money proceeds of a

drug conspiracy.  For the reasons that follow, however, this court construes Mayberry's

pleading as a successive motion for relief under 28 U.S.C. § 2255 and concludes that he is

not entitled to any relief.

## I.   BACKGROUND

An indictment returned in March 1996 charged Mayberry and several codefendants

with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§

---

[1]    Although Mayberry's motion is date-stamped "received" on May 1, 2008, the court, under
the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for
mailing, presumptively, April 28, 2008, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266,
271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

841(a)(1) and § 846 (Count I), and money laundering the proceeds of that conspiracy, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count II).[2]  On December 18, 1996, a jury found Mayberry guilty on both counts.  Mayberry was sentenced in March 1997 to 292 months on the conspiracy count and 240 months for money laundering, the sentences to run concurrently.  Mayberry filed a direct appeal, and on May 10, 1999, the Eleventh Circuit affirmed his convictions and sentence.[3]

On August 4, 2000, Mayberry filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging his drug conspiracy and money laundering convictions. *See Motion to Vacate under 28 U.S.C. § 2255* (Doc. No. 748), Criminal Case No. 3:96cr51-TMH.  The district court denied the § 2255 motion, deciding all claims adversely to Mayberry. *See Memorandum Opinion and Order of Sep. 22, 2004* (Doc. No. 929) & *Final Judgment of District Court* (Doc. No. 930), Criminal Case No. 3:96cr51-TMH.  Mayberry appealed that decision to the Eleventh Circuit, which affirmed the district court's judgment. *See Mayberry v. United States*, No. 05-10990, 156 Fed.Appx. 265 (11th Cir. Nov. 30, 2005) (unpublished).

On September 7, 2006, Mayberry filed in this court a pleading self-styled as a motion

---

[2]     *See United States v. Mayberry*, Criminal Case No. 3:96cr51-TMH.  A third count of the indictment charged Mayberry under the criminal forfeiture statute.  The forfeiture count was dismissed on motion of the government on October 10, 1996.

[3]     *See United States v. Pruitt*, 174 F.3d 1215, 1221, *rehearing denied en banc*, 192 F.3d 132 (11th Cir. 1999), *cert. denied*, *United States v. Mayberry*, 528 U.S. 1178 (2000).  The appeal *sub nom Pruitt* involved the direct appeals of Mayberry and several of his codefendants.

2

for relief under FED.R.CIV.P. 60(b)(4), wherein he attacked the conviction and sentence imposed upon him for money laundering, arguing that the count of the indictment charging him with that offense was fatally defective. *See* Civil Action No. 2:06cv841-TMH, Doc. No. 2. Because that motion attacked the fundamental validity of Mayberry's money laundering conviction, this court characterized the motion as one seeking relief pursuant to 28 U.S.C. § 2255. Because Mayberry had failed to obtain precertification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court then summarily dismissed his § 2255 motion. *See Recommendation of the Magistrate Judge of Sep. 27, 2006* (Doc. No. 3), *Adopted Oct. 23, 2006, as Judgment of Court by Final Order of District Court* (Doc. Nos. 5 & 6), Civil Action No. 2:06cv841-TMH.[4]

## II.  DISCUSSION

In the instant "Motion to Void Judgment" filed pursuant to FED.R.CIV.P. 60(b)(4), Mayberry contends that Count II of his indictment suffered from a jurisdictional defect – and is therefore void – because it charged multiple financial transactions as a single, continuing criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. No. 2 at pp. 1-7.) Mayberry raised this same claim in the § 2255 motion he filed in this court on August 4, 2000. *See Motion to Vacate under 28 U.S.C. § 2255* (Doc. No. 748), Criminal Case No.

---

[4]    Mayberry's subsequent motion for certificate of appealability and motion for leave to appeal *in forma pauperis* were denied by the district court on grounds that the proposed appeal was without legal or factual basis and was not taken in good faith. *See* Civil Action No. 2:06cv841-TMH, Doc. No. 10. Mayberry was equally unsuccessful when seeking a certificate of appealability from the appellate court. *Id*., Doc. Nos. 11 & 12.

3:96cr51-TMH.  The district court, however, found that Mayberry was not entitled to any relief based on the defect in Count II.  *See Memorandum Opinion and Order of Sep. 22, 2004* (Doc. No. 929) & *Final Judgment of District Court* (Doc. No. 930), Criminal Case No. 3:96cr51-TMH.  In denying relief, the district court noted that the same claim regarding Count II was raised on direct appeal by one of Mayberry's codefendants and was rejected by the Eleventh Circuit.  *Id*.  Mayberry pursued this claim in his appeal from the denial of the § 2255 motion.  However, the Court of Appeals ruled that the claim lacked merit.[5]

Not only was Mayberry's instant claim litigated and decided adversely to him in the proceedings related to his original § 2255 motion, but it amounts to the same claim he later presented in his September 2006 "Rule 60(b)(4) motion," which this court deemed to be functionally a successive § 2255 motion because it actually attacked the fundamental validity of Mayberry's money laundering conviction.  Here, Mayberry tries – but fails – to establish that his instant motion deserves a fate different from that accorded to his September 2006 motion, urging that his instant motion is a "true Rule 60(b) motion" and that, consequently, it should not be treated as yet another successive § 2255 motion.  (Doc. No. 2 at p. 8.)  In this regard, Mayberry sites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), as authority for

---

[5]  *See Mayberry v. United States*, No. 05-10990, 156 Fed.Appx. 265 (11th Cir. Nov. 30, 2005) (unpublished).  In his original § 2255 motion, Mayberry argued that the defect rendered Count II duplicitous and his money laundering conviction invalid.  The magistrate judge's Recommendation found that the defect rendered Count II void.  However, the district court expressly rejected this part of the magistrate's Recommendation.  In his appeal from the district court's denial of the § 2255 motion, Mayberry framed this issue as a jurisdictional claim.  The Court of Appeals held that the claim lacked merit, stating that the alleged defect in Count II raised, at most, duplicity concerns and did not amount to a jurisdictional defect undermining the money laundering conviction.

4

accepting his designation of his motion as one pursuant to Rule 60(b). (Doc. No. 2 at pp. 8-9.) In *Gonzalez*, the Supreme Court held that where a motion designated by the movant as a Rule 60(b) motion either (1) challenges a federal court's previous ruling as to a habeas claim that "precluded a merits determination [of that claim] ... – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," or (2) actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a proper Rule 60(b) motion, and the district court need not obtain the precertification from the Court of Appeals that is ordinarily required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532 & 532 n.4; *see* 28 U.S.C. § 2244.[6]

Nevertheless, the Supreme Court in *Gonzalez* drew a sharp distinction between motions pointing to an erroneous ruling by the habeas court that precluded a merits determination or asserting some defect in the integrity of the federal habeas proceedings and motions seeking to vacate habeas judgments in order to relitigate or add claims that, at bottom, attack the legality of a petitioner's conviction and sentence. *See id*. at 531-32. Only

---

[6]    The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

the former are properly pursued through Rule 60(b); the latter are not.[7]   As the Court

explained, "[u]sing Rule 60(b) to present new claims for relief from a ... judgment of

conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents

AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of

constitutional law or newly discovered facts." *Id*. at 531.   Thus, the Court held that a

nominal Rule 60(b) motion is in effect a second or successive habeas petition when it "seeks

vindication of" or "advances" one or more "claims." *Id*. at 531-32.   "A motion can ... be

said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the

merits." *Id*. at 532.

> In his motion, Mayberry contends that he
>
> does not "in substance or effect assert or reassert a federal basis for relief from
> [his] underlying conviction."  He challenges a jurisdictional defect in Count
> II of the indictment, and such "challenge does not itself lead inextricably to
> a merits-based attack on the disposition of [his] prior habeas petition."

(Doc. No. 2 at p. 8.)   Mayberry's argument here is self-contradictory; a challenge to "a

jurisdictional defect in Count II of the indictment" is clearly an attack on the underlying

conviction of that count.   It is well settled that "Rule 60(b) simply does not provide for relief

from judgment in a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.

---

[7]       The Supreme Court in *Gonzalez* specifically addressed habeas proceedings challenging state-court convictions under 28 U.S.C. § 2254.  However, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.  See *El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

2003) (internal quotations and citation omitted).  Moreover, within the meaning of *Gonzalez*, Mayberry, by once again challenging the validity of Count II of his indictment, is effectively reasserting a claim that has already been resolved on the merits in the previous habeas proceedings.[8]

Accordingly, regardless of Mayberry's own labeling of the instant motion, this court concludes that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Treating the instant motion as one under 28 U.S.C. § 2255, this would be a successive § 2255 motion.  The pleadings and documents in this case reflect that Mayberry has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  Therefore, this court lacks the jurisdiction to consider Mayberry's present motion, and the motion is due to be summarily dismissed.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion

---

[8]    Not only has this court previously rejected Mayberry's claim that Count II of his indictment is invalid, but the claim was specifically rejected by the Eleventh Circuit in Mayberry's appeal from the denial of his original § 2255 motion.  *See Mayberry v. United States*, No. 05-10990, 156 Fed.Appx. 265 (11th Cir. Nov. 30, 2005) (unpublished).  It is beyond the purview of this court to review rulings by the Court of Appeals or to reconsider claims decided, either explicitly or by necessary implication, in an earlier appeal of the same case.  *See United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005); *Butcher v. United States*, 368 F.3d 1290, 1299-1300 (11th Cir. 2004).

filed by Mayberry on April 28, 2008 (Doc. No. 2) be denied and this case dismissed, as Mayberry has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive 28 U.S.C. § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 21, 2008**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 8th day of May, 2008.


_____/s/Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE