IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS GENE MAYBERRY, )<br>)<br>Petitioner, )<br>) <br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 3:08cv0340-TMH<br>WO |

**ORDER**

The cause is before the court on the Recommendation of the Magistrate Judge, filed May 8, 2008, and Plaintiff Douglas Gene Mayberry's Objections, filed May 22, 2008. (Doc. Nos. 3-4.) The Magistrate Judge recommends, first, that the undersigned construe Mayberry's Rule 60(b)(4) motion as a motion for relief under 28 U.S.C. § 2255 and, second, that the undersigned deny the § 2255 motion because Mayberry has not obtained the requisite order from the Eleventh Circuit authorizing the district court to consider a successive § 2255 motion. Mayberry timely filed Objections which, in essence, repeat the arguments he made in his motion. (Doc. No. 2.)

Having conducted a *de novo* determination of those portions of the Recommendation to which objections are made, the court finds that the Recommendation is due to be adopted and that Mayberry's Objections are due to be overruled. The court emphasizes that this is not the first time Mayberry has argued that Count II of his

indictment suffered from a jurisdictional defect and/or duplicity problems because it charged multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A)(i).  In fact, the Eleventh Circuit has spoken on the issue no less than three times.

Specifically, in Mayberry v. United States, addressing this court's denial of Mayberry's original § 2255 motion filed in a separate proceeding, the Eleventh Circuit rejected the contention of Mayberry that his conviction should be set aside on the ground that Count II of the indictment was jurisdictionally defective because it charged multiple financial transactions as a criminal money laundering offense.  156 Fed. Appx. 265 (11th Cir. 2005).  The Eleventh Circuit explained that Mayberry's argument was "actually a duplicity argument."  Id. at 267.  The Eleventh Circuit observed that, previously, on direct appeal, it had rejected the very same duplicity argument presented by one of Mayberry's codefendants, and, for the same reasons, it "rejected Mayberry's argument as well."  Id. at 267-68.  Moreover, in Mayberry's second § 2255 motion filed in this court on August 4, 2000, Mayberry reasserted a duplicity argument, which he again disguised as a jurisdictional defect.  This court rejected the claim, Mayberry v. United States, Civ. A. No. 3:06cv841-TMH (M.D. Ala. filed Sept. 20, 2006), and the Eleventh Circuit declined Mayberry's appeal, holding that Mayberry failed to make the requisite showing to merit a certificate of appealability.  See id., Doc. Nos. 11-12.

Accordingly, it is CONSIDERED and ORDERED as follows:

1. Mayberry's Objections are hereby OVERRULED.

2. The Recommendation of the Magistrate Judge is hereby ADOPTED, APPROVED and AFFIRMED.

3. The Motion filed by Mayberry on April 28, 2008 (Doc. No. 2), which the court construes as a motion for relief under 28 U.S.C. § 2255, is hereby DENIED and this case is DISMISSED, as Mayberry has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive 28 U.S.C. § 2255 motion.  Moreover, Mayberry is seeking to have reviewed the same claim that has been rejected by this court and the Eleventh Circuit on three prior occasions, and, therefore, Mayberry's Motion is deemed frivolous.

Done this 30th day of May, 2008.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE